IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOM FRANKLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1680-D-BN |
| | § | |
| GMAC MORTGAGE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Tom Franklin, appearing *pro se*, against GMAC Mortgage and U.S. National Bank Association. On May 2, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Plaintiff seeks injunctive relief and $10,000,000 in damages for alleged violations of the Fair Debt Collection Practices Act in connection with foreclosure proceedings instituted by Defendants. *See* Dkt. No. 3. Plaintiff's complaint and civil cover sheet indicate that the subject property is located in Fort Worth, Texas. *See id.* at 1, 6.

The Court now determines this case should be transferred to the Fort Worth

Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

## Legal standards

A civil action wherein jurisdiction is not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The Court may transfer a case, "[f]or the convenience of parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought." *Id.* § 1404(a). The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*, *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989), and has "broad discretion in deciding whether to order a transfer," *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc).

## Analysis

It appears that a substantial part, if not all, of the events or omissions giving rise to Plaintiff's claims occurred in, and that the property at issue in this action is situated in, Fort Worth, Texas, which is located in Tarrant County and within the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). Even if venue is proper in the Dallas Division under Section 1391(b)(1), *see Cevallos v. Toys "R"*

*Us, Inc.*, No. 4:07-cv-242, 2008 WL 80008, at *2 (E.D. Tex. Jan. 7, 2008), the Fort Worth Division is a forum in which the action might have been brought under Section 1391(b)(2). Accordingly, this action is eligible to be transferred to the Fort Worth Division pursuant to Section 1404(a), at the Court's discretion, if, after considering "all relevant factors," the Court determines that "on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to [the] different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (internal quotation marks omitted).

In a Section 1404(a) analysis, a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient." *Volkswagen*, 545 F.3d at 315.[1] Still, Plaintiff's "choice of forum, however, is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10.

Here, while many of the Section 1404(a) factors are neutral as between or equally irrelevant as to the Dallas and Fort Worth Divisions, including the factors addressing compulsory process, court congestion, conflicts of laws, and familiarity with the governing law, those factors that favor the Fort Worth Division, on balance, favor

---

[1] "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen*, 545 F.3d at 315 (internal quotation marks and citation omitted).

transfer – and no Section 1404(a) factor appears to actually favor maintaining this newly filed case in the Dallas Division. First, Plaintiff has not alleged any facts suggesting that any, much less a substantial part, of the events or omissions giving rise to Plaintiff's claims occurred in, or that the property at issue in this action is situated in, the Dallas Division. Second, Plaintiff lists his own place of residence as Fort Worth, Texas, suggesting that the Fort Worth Division would be more, not less, convenient for him. *Cf. Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690-91 (S.D. Tex. 2010) ("Although a plaintiff's initial choice of forum is entitled to deference, the degree of deference is higher when he has chosen his home forum. Conversely, when a plaintiff is not a resident of the chosen forum, or when the operative facts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice." (citation omitted)); *accord In re Marquette Transp. Co. Gulf-Inland, LLC*, No. Civ. A. H-12-0623, 2012 WL 2375981, at *2 (S.D. Tex. June 21, 2012). Indeed, the undersigned notes that Plaintiff has brought several other cases against these same defendants, which were either filed in or transferred (from federal courts in the District of Columbia and New York) to the Fort Worth Division and thereafter dismissed. *See* Case No. 4:09-cv-777-A, *Franklin v. GMAC Mortgage, et al.*; Case No. 4:10-cv-781-A, *Franklin v. U.S. Bank National Association, et al.*; Case No. 4:10-cv-847-Y, *Franklin v. U.S. Bank National Association, et al.*; *see also* Case No. 4:10-cv-43-A, *U.S. Bank National Association v. Franklin*. Finally, the fact that the property at issue is located in Fort Worth suggests that the local interest in having localized interests decided at home – as well as, to a lesser extent, the factors addressing the relative ease of access

to sources of proof and the cost of willing witnesses' attendance – favor transfer to the Fort Worth Division. *See Volkswagen*, 545 F.3d at 315.

Accordingly, on balance, the Fort Worth Division is clearly a more convenient venue for this matter, and this case should be transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). *See Thomason v. Baylor All Saints Med. Ctr.*, No. 3:06-cv-2142-B, 2007 WL 1650420, at *1-*4 (N.D. Tex. June 7, 2007) ("Given that the various private and public interests heavily weigh in favor of transfer, the Court finds that Defendants have met their burden and that a transfer to the Fort Worth Division is justified. The Court sees no way in which the Plaintiff would be inconvenienced by the transfer, and there has been no showing that any of Plaintiff's witnesses would be inconvenienced by the change in forum"); *see also Wallace v. Child Care Assocs.,* No. 3:08-cv-1016-O, 2008 WL 4180261, at *2-*3 (N.D. Tex. Sept. 8, 2008); *Green v. Burlington N. & Santa Fe Ry. Co.*, No. 3:05-cv-1596-L, 2006 WL 154329, at *2-*3 (N.D. Tex. Jan. 19, 2006).

## Recommendation

Plaintiff's case should be transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 14, 2013

                                            _____
                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE